IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

HEATHER M. CULVER                                                    PLAINTIFF

v.                    Case No. 2:10-CV-02145

BALDOR ELECTRIC COMPANY                                              DEFENDANT

**PROTECTIVE ORDER**

Before this Court is the parties' Joint Stipulated Protective Order. (Doc. 14-1). The Court has made only minor amendments to the agreed protective order where it deemed such amendments to be warranted. In accordance with the parties' stipulated protective order, the Court orders as follows:

IT IS STIPULATED AND AGREED by and between Plaintiff Heather M. Culver ("Culver" or "Plaintiff") and Defendant Baldor Electric Company ("Baldor" or "Defendant"), after conferring in good faith on the issues contained herein, and is ORDERED by the Court, that the following terms and conditions shall govern the treatment of confidential and proprietary information in this litigation:

1.   DEFINITIONS: In connection with discovery in this action, including the production of documents and things, discovery responses, deposition testimony and exhibits, that contain confidential, trade secret or other commercial information, as those terms are used in Fed. R. Civ. P. 26(c)(7), or any other information the disclosure of which would cause competitive harm, embarrassment or oppression to the disclosing individual under Fed. R. Civ. P. 26(c) (hereinafter "Confidential Information"), which a party or nonparty deems to contain Confidential Information, may be designated by such party as "CONFIDENTIAL" pursuant to the terms of

this Protective Order.

2. DESIGNATION:

(a) <u>Production</u>: Any documents, things, discovery responses or depositions or portions thereof designated to be "CONFIDENTIAL" shall be so designated by the producing party or nonparty at the time of their production by stamping the designated materials with the legend "CONFIDENTIAL," or if necessary, by separate written statement, or as set forth in Paragraph 3 of this Stipulation and Protective Order.

(b) <u>Depositions</u>: If any question asked during a deposition calls for the disclosure of Confidential Information, counsel for the disclosing or non-disclosing party shall, to the extent possible, designate those portions of the depositions for which such claim is made at the time the testimony is given. The transcript or portions thereof shall be stamped "CONFIDENTIAL," except as otherwise set forth in Paragraph 3 of this Stipulated Protective Order.

(i) Any party may appropriately designate portions of the transcript of depositions as containing Confidential Information after transcription as in the case of any other document or tangible thing, provided that written notice of such designation is given to the other party within 14 days after receipt of the transcript. Following such notice the parties shall confer as to the most convenient way to segregate the designated portions of this transcript.

(ii) Receiving parties shall not disseminate a deposition transcript or the contents thereof beyond the class of Qualified Persons designated in subparagraph 6(a) herein for a period of 21

days after receipt to allow adequate time for notice as set forth in subparagraph 2(b)(i) of this paragraph.

(c) <u>Filing with the Court</u>: All Confidential Information, properly designated under this Protective Order, that is filed with the Court during this litigation, shall be filed under seal with the Clerk of Court in sealed envelopes or other appropriate sealed containers, or in other similar manner approved by the Court. Such material shall be labeled with the title of this action, an indication of the nature of the content of such sealed envelope or container, the designation of "CONFIDENTIAL" and a statement as follows:

> FILED UNDER SEAL BY [NAME OF PARTY] PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS ACTION, AND IS TO BE MAINTAINED UNDER SEAL UNTIL FURTHER ORDER OF THE COURT

Filing of Confidential Information under seal shall not prevent or limit access in any manner consistent with this Order of that information by the Court or counsel of record for the parties.

(d) The designation of any document as CONFIDENTIAL shall not preclude any party from showing such Confidential Information to any person who appears as the author or as an addressee or recipient on the face of the document, or who has been identified by the designating party as having been provided with the document or the information therein by the designating party.

(e) Confidential Information shall be used solely for the purposes of this litigation. Nothing in this Stipulation and Protective Order is intended to prevent or restrict any party or nonparty from using or disclosing its own Confidential Information in any manner or for any purpose. This Order shall not restrict the

use or disclosure by a party or nonparty of materials obtained in good faith and independently of discovery in this action or obtained or obtainable from another source or already in the possession or knowledge of a party or nonparty, who is not obligated to maintain such documents in confidence.

(f) The terms of this Stipulated Protective Order shall not prejudice the right of any party to introduce at trial information designated as CONFIDENTIAL pursuant to this Order.

3. REDESIGNATION OF MATERIAL: A producing party or nonparty may redesignate under Paragraphs 1 through 3 hereof any material that it has previously produced, but did not previously designate as Confidential Information, provided, however, that such "redesignation" shall be effective only as of the date it is received. The redesignating party or nonparty shall notify each other party in writing specifically identifying the documents by production number or otherwise and whether those documents should be redesignated as CONFIDENTIAL. Upon receipt of such written notice, receiving counsel shall:

(a) immediately take reasonable steps to retrieve any redesignated material in the possession of any person not identified as a "Qualified Person" under Paragraph 6 hereof and notify any person known to have possession of the material of the effect of such designation;

(b) if not objecting to the redesignation, affix the appropriate legend on the redesignated material in accordance with Paragraphs 2 and 3 hereof;

(c) if objecting to the redesignation, counsel shall treat the materials at issue as designated pending resolution of the

objection. Any objections shall be in accordance with Paragraph 5 hereof.

If the materials are redesignated in accordance with the terms of this Stipulated Protective Order, failure to originally designate those materials as Confidential Material shall not be deemed a waiver of any claims of confidentiality and shall not be used as grounds for a claim of such a waiver.

4. PRIVILEGED MATERIAL: In the event that any privileged materials are inadvertently produced, such production shall not be deemed a waiver of the attorney-client privilege, work-product doctrine or other privilege or immunity. Upon notification of such inadvertent disclosure, the receiving party shall immediately make every effort to prevent further disclosure of the materials, collect and return any copies of the privileged materials and inform any person(s) having received or reviewed such materials as to the privileged nature of the materials.

5. OBJECTIONS: A party may move the Court for an order that material designated as confidential or privileged information is not, in fact, confidential or privileged. On such a motion, the party asserting confidentiality or privilege shall have the burden of proving that the information designated CONFIDENTIAL or PRIVILEGED embodies trade secrets or other confidential research, development or commercial information or is otherwise entitled to protection. Before such a motion is brought, the parties will attempt to resolve their differences informally. No party shall be obligated to challenge a confidential or privileged designation, and failure to do so shall not preclude a subsequent challenge to such a designation. Designations, challenges to designations, and

failures to challenge designations made pursuant to this Order are not an admission or waiver of any party, and are not admissible in evidence on the trial of any issue in this case, including the issue of whether the information is in fact confidential or privileged.

6. QUALIFIED PERSONS: Materials designated as Confidential Information may be disclosed or made available by the party or nonparty receiving such information only to a "Qualified Person," as defined below:

(a) Documents designated as CONFIDENTIAL may be disclosed to:

(i) the Court;

(ii) counsel of record to the parties to this action, and the members and employees of the law firms of counsel of record, and organizations retained by counsel to provide litigation support services in this action and the employees of those organizations;

(iii) court reporters or stenographers whose services are used in connection with this action, and other persons working for such reporters or stenographers;

(iv) directors, officers and employees of each party, and individuals named as parties, who must see such documents to assist in the prosecution or defense of that party's claims in the lawsuit;

(v) any deponent during a deposition who is a former employee, officer or director of the party that produced the Confidential Information, who is not involved in litigation with the party, provided that the document was addressed to, reviewed or received by the deponent prior to deponent's departure from the party;

   (vi) consultants or experts retained by the parties in connection with this litigation, and the employees of such experts or consultants who are assisting them in this action. Each consultant or expert must execute the certification set forth as Exhibit A hereto, and the disclosing party shall deliver to all other parties a copy of the executed certification;

   (vii) such other persons who the parties may designate by written agreement or by Court Order, permitting additional disclosure; and

   (viii) the authors, addressees, and recipients of the designated documents.

 (b) Any Qualified Persons identified in subparagraph 6(a)(vi), shall be given a copy of this Order and shall agree in writing in the form attached hereto as Exhibit A, to be bound by the terms of this agreement, and counsel for the disclosing party shall maintain possession of the executed agreements and shall make them available in cases of claims of breach of this Order.

 (c) This Order shall be binding on the parties, their agents, successors, heirs, assigns, subsidiaries, employees, and other persons or organizations over which they have control.

 7. POST LITIGATION:

 (a) Within one hundred and twenty (120) days of the final termination of this action, each party or counsel in possession, custody or control of Confidential Information, or any tabulations, analyses, studies or compilations derived therefrom, shall either destroy or return (at the producing party's option) those materials. Upon written request by the producing party, the receiving party shall certify in writing, that such materials have

been destroyed. Destruction of such materials shall be certified in writing by an officer of the receiving party. Counsel for each party, however, may retain abstracts or summaries of discovery materials or copies of materials which contain attorney-work product or which incorporate Confidential Information in documents filed with the Court; and

(b) this Court shall retain jurisdiction over the parties and recipients of any Confidential Information for enforcement of the provisions of this Order following termination of this litigation.

IT IS SO ORDERED this 14th day of June 2011.

*/s/ Paul K. Holmes,* III
**PAUL K. HOLMES, III**
**UNITED STATES DISTRICT JUDGE**